UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEO WOMACK, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 11-40138-FDS |
| JAMES SABA, | ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO STAY**

**SAYLOR, J.**

Petitioner Leo Womack was convicted of first-degree felony-murder in Massachusetts Superior Court on June 17, 2005. After his conviction was affirmed by the Supreme Judicial Court, he filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. The petition states two grounds for relief, and Womack has exhausted state-court remedies with respect to both. However, concurrently with the filing of his petition, he filed a motion to stay and hold the case in abeyance while he exhausts his state-court remedies with respect to a number of claims that were not addressed in his direct appeal to the SJC but that he has raised in a subsequent motion submitted to the trial court. For the following reasons, the motion to stay the proceedings will be denied.

**I.    Background**

The facts surrounding the crime that led to petitioner's conviction are set out in the decision of the Supreme Judicial Court, *Commonwealth v. Womack*, 457 Mass. 268 (2010). Only

the facts that are relevant to this opinion bear repetition.

On June 17, 2005, petitioner was convicted after a jury trial of felony-murder in the first degree, based on an underlying felony of armed robbery while masked. He was sentenced to life imprisonment.

Following the trial, petitioner appealed his conviction and the denial of his subsequent motion for new trial to the Supreme Judicial Court.[1] In that consolidated appeal, he asserted error in (1) the admission into evidence of two accusations by police during custodial interrogation, together with evidence of his blanket denials and his silence, and (2) the court's refusal to declare a mistrial despite evidence of alleged juror intimidation. In a decision dated July 13, 2010, the SJC held that neither claim warranted a new trial or a reduction in the degree of guilt.

Petitioner, acting *pro se*, filed a second motion for new trial with the trial court on February 22, 2011. As grounds for the new motion, he alleged ineffective assistance of counsel, prosecutorial misconduct, and errors in the admission of evidence. On June 7, 2011, the trial court denied the motion on grounds that the new claims had been waived and, in any event, were inadequate on the merits. Petitioner filed a timely notice of appeal, which, to the Court's knowledge, remains pending.

On July 14, 2011, petitioner, again acting *pro se*, filed the habeas petition now under consideration. The petition in essence asserts two grounds for review.[2] Set forth verbatim, these

---

[1] Massachusetts Rule of Appellate Procedure 11 allows for the Supreme Judicial Court to take direct appeals in certain circumstances. Mass. Gen. Laws ch. 278, § 33E requires that the SJC take direct review of convictions for first-degree murder.

[2] The petition sets forth four counts in total. However, counts three and four are substantially the same as counts one and two, respectively.

grounds are:

1. The trial judge committed reversible error when he admitted, over objection, police officers extrajudicial accusatory hearsay statements made during a custodial interrogation, the defendant's blanket denials of those accusations and the defendant's silence.

2. The trial judge committed reversible error in refusing to declare a mistrial despite evidence of ju[r]or intimidation.

(Pet., at 12, 15, 17, 20).

The petition also states that petitioner filed the second motion for a new trial, that it was denied on June 7, 2011, and that it raised eight claims. As stated in the petition, these claims are as follows:

1. Counsel was ineffective in his failure to adopt and present a defense of inadequate police investigation.

2. Womack was prejudiced by the erroneous admission of evidence by misleading and deceiving the court by the prosecutor and inattention by defense counsel.

3. Trial counsel failed to request leave of the court to grant a missing witness instruction or in lieu thereof an argument at closing, as to failure to call the witness.

4. Expert testimony on reverse photogrammatic analysis was inadmissible due to failure to apply the principles and methods to the facts of the case.

5. Evidentiary errors were so pervasive as to render the trial unfair and void of Constitutional Due Process.

6. Counsel was ineffective in his failure to call witness to compare voice from perpetrator to the defendant.

7. [Prosecutor's] closing argument was erroneous due to vouching, bolstering, and introduction of facts not in evidence.

8. Appellate counsel's representation was insufficient and ineffective.

(Pet., at 7-8). The petition also states that several other motions remain pending in state court, including a motion to amend the second motion for new trial. That motion, as well as yet another motion for new trial, have since been denied by the Superior Court for raising issues that the trial judge deemed tardy, moot, waived, or frivolous.

Concurrently with the filing of his habeas petition, petitioner moved to stay the proceeding. The basis for his motion is that this habeas proceeding may be more expediently resolved if it is postponed until he has exhausted those claims that are still pending in state court.[3] He renewed the motion on November 17, 2011.

## II.  Analysis

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State."); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). It is undisputed that petitioner has exhausted his state-court remedies with respect to the two grounds for relief asserted in the petition. Thus, this case does not present the kind of "mixed" petition, consisting of both exhausted and unexhausted claims, that is more typical of habeas proceedings under Section 2254. Consideration of petitioner's motion is nonetheless analogous to that of a mixed petition, because

---

[3] Petitioner has also filed two motions requesting that the Court take judicial notice of the fact that he has filed motions in state court asserting his unexhausted claims. The Court will take notice of the filings as public records. *See Gargano v. Liberty Intern. Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). However, it notes that petitioner may submit such documents as exhibits to subsequent filings to this Court, without moving for judicial notice.

4

its obvious purpose is to allow for the amendment of the petition to include the currently unexhausted claims.

Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 265-66 (2005); *see also Lundy*, 455 U.S. at 515, 520; *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004). However, a court may stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances," and application of this third option is appropriate only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

The requirement to show good cause may be applied more loosely with *pro se* petitioners. *Josselyn v. Dennehy*, 475 F.3d 1, 5 n.3 (noting that concerns about unwary *pro se* petitioners being trapped by the good cause requirement but finding that such concerns were not implicated where petitioner had been represented by counsel during the state-court proceedings) (*citing Rhines*, 544 U.S. at 279 (Stevens, J. concurring)). Filings by *pro se* prisoners should be liberally construed and are generally held to less stringent standards than formal pleadings by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003). However, *pro se* status during federal habeas proceedings, without more, does not constitute good cause warranting a stay and abeyance, particularly where, as here, the petitioner was represented by counsel throughout the state-court proceedings. *See Sullivan v. Saba*, 2012 WL

52440 at *7 (D. Mass. Jan. 5, 2012); *Josselyn*, 475 F.3d at 5 n.3.

In his motion to stay, petitioner argues that good cause is established because it was necessary for him to file the petition early to avoid the expiration of the one-year limitations period for applying for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). However, the risk that the limitations period will expire, standing alone, cannot constitute good cause for a stay and abeyance. In *Rhines*, the Court endorsed the stay-and-abeyance approach as a curative to the risk that the AEDPA's limitations period "will likely mean the termination of any federal review" for some of a prisoner's claims whenever a district court dismisses a mixed petition or its unexhausted claims. *Rhines*, 544 U.S. at 275.[4] As the First Circuit has explained:

> If a prisoner deletes unexhausted claims from her petition, she may well be barred from bringing those claims at a later date, because of AEDPA's limitation on second or successive petitions. Under 2[8] U.S.C. § 2244(b), state prisoners may only bring such petitions in limited circumstances subject to strict procedural requirements. On the other hand, if the prisoner agrees to dismissal of her claims, she runs the risk of running afoul of the one year limitations period.

*Gaskins v. Duval*, 640 F.3d 443, 449 (1st Cir. 2011) (quoting *Gaskins v. Duval*, 336 F. Supp.2d 66 (D. Mass. 2004)).

However, in *Rhines*, the Court recognized that the use of a stay and abeyance in all cases where dismissal might foreclose some claims as time-barred would undermine the AEDPA's "twin purposes" of reducing delays in executing state and federal criminal sentences and of streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Rhines*, 544 U.S. at 277-78. Those countervailing concerns led the Supreme Court to hold that "stay and abeyance should be available only in limited circumstances" and to require a

---

[4] This result follows from the fact that, under the AEDPA, the limitations period is not tolled while a mixed habeas petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

showing of good cause as a prerequisite to its use. *Id.* at 277-78. It would undermine the balance struck in *Rhines* to employ the stay and abeyance procedure where, as here, the petitioner has shown no reason, beyond the expiration of the limitations period alone, for his failure to exhaust some of his claims.

Nor can the Court discern the existence of good cause from the nature of the unexhausted claims themselves. The new claims allege ineffective assistance of counsel, prosecutorial misconduct, and errors in the admission of evidence.[5] A petitioner's failure to exhaust claims due to a strategic decision in state court does not constitute good cause. *Clements v. Maloney*, 485 F.3d 158, 169-70 (1st Cir. 2007). Failure to exhaust claims because of ignorance of the law also does not generally constitute good cause. *See Josselyn*, 475 F.3d at 5 (finding that a sincerely held belief by petitioner's counsel that he had properly exhausted his claims did not constitute good cause because such a belief was unreasonable in light of existing case law). In effect, then, a claim of ineffective assistance of counsel alone does not present good cause for a stay and abeyance. *Gaouette v. O'Brien*, 2010 WL 5376849, at *1 (D. Mass. Dec. 20, 2010). As for the claims of prosecutorial misconduct and evidentiary error, petitioner provides no explanation for why these claims were not raised before the SJC except by the ineffective assistance of appellate counsel.

In short, if petitioner had submitted a mixed petition that included his unexhausted claims, or if he should amend his petition to include his unexhausted claims, he would not be entitled to a

---

[5] Although he is proceeding *pro se* at this time, petitioner was represented by counsel during his state court appeals. The factor weighs against a finding of good cause. *See Biggs v. Dennehy*, 2006 WL 6499321 at *2 (D. Mass. March 6, 2006) (finding no showing of good cause where petitioner was represented by counsel at all stages of state court proceedings and had ample opportunity to bring unexhausted claims before state court).

stay because he has not shown good cause for his failure to exhaust some claims. This result is not altered by the fact that the petition does not yet include the unexhausted claims. The two courses of action available to petitioner are to proceed with the petition as it stands or to amend it to include his unexhausted claims. If he pursues the second course, his lack of good cause under *Rhines* will leave him no choice but either to dismiss the entire petition or to dismiss the unexhausted claims alone. *Lundy*, 455 U.S. at 510. Those choices would leave him in the same position in which he now stands.

Because petitioner has not established good cause for failing to exhaust his state-court remedies with respect to some of his potential grounds for seeking relief under 28 U.S.C. § 2254, a stay of this proceeding under *Rhines* is not warranted.

### III. Conclusion

For the foregoing reasons,

1. petitioner's motion of July 14, 2011, to stay the proceeding pending exhaustion of his state-court claims is DENIED,

2. his motion of November 11, 2011, to stay the proceeding pending exhaustion of his state-court claims is DENIED as moot,

3. his motions of August 17, 2011, and August 31, 2011, for judicial notice are GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 1, 2012　　　　　　　　　　　　United States District Judge