## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ )  |  |  |
| LEO WOMACK, | ) |  |
|         Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **CIVIL ACTION** |
|  | ) | **NO. 11-40138-TSH** |
|  | ) |  |
|  | ) |  |
| JAMES SABA, | ) |  |
|         Respondent. | ) |  |
| _____ ) |  |  |

### ORDER (Motion For Leave To File Interlocutory Appeal Docket No. 27)
July 12, 2012

**HILLMAN, D.J.**

### Nature of the Proceeding

Petitioner, Leo Womak, has filed a Motion For Leave to File an Interlocutory Appeal (Docket No. 27). He seeks an order permitting him to file an immediate appeal from this Court's Order denying his request to stay his petition for habeas relief pursuant to 28 U.S.C. § 2254. *See* Memorandum and Order on Petitioner's Motion To Stay (Docket No. 23)(Saylor, D.J.)[1].

### Background

Petitioner has filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 in which he asserts two grounds for relief. Petitioner has fully exhausted his state court remedies with respect to both grounds for relief, but has collateral post conviction proceedings currently

---

[1] This case was originally assigned to Judge Saylor. On June 7, 2012, I was sworn in as the United State District Court Judge for the District of Massachusetts/Worcester Division. On June 13, 2012, this matter was reassigned to me for all purposes.

pending in the state court. Petitioner filed a motion to stay the proceedings in this Court until he has fully exhausted the claims currently pending in the state court.

On March 1, 2012, Judge Saylor issued an Order denying Petitioner's motion to stay. In so holding, Judge Saylor analogized Petitioner's circumstances to that where a petitioner has filed a so-called mixed petition containing exhausted and unexhausted claims. In such a case, the petitioner may request that the court stay the petition and hold it in abeyance while he returns to state court to exhaust the previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 265-66, 125 S.Ct. 1528 (2005). Judge Saylor then found that Petitioner had failed to meet the *Rhines* requirements for obtaining a stay and abeyance. *See Rhines*, 544 U.S. at 278, 125 S.Ct. 1528 (petitioner entitled to stay an abeyance only in limited circumstances and only where petitioner establishes good cause for failure to exhaust, that his unexhausted claims are potentially meritorious, and there is no indication petitioner intentionally engaged in dilatory tactics). Specifically, Judge Saylor found that Petitioner had failed to establish good cause for failing to exhaust his state court remedies and therefore, a stay is not warranted.

On March 7, 2012, Petitioner filed a Notice of Appeal to the First Circuit; in his notice of appeal, Petitioner stated that his Petition had been denied on the merits. *See* Notice of Appeal (Docket No. 24). Petitioner also sought a Certificate of Appealability pursuant to 28 U.S.C. §2253. *See* Petitioner's Application For A Certificate Of Appealability (Docket No. 25). On March 9, 2012, Judge Saylor denied Petitioner's request for a certificate of appealability reasoning that because the Court had not addressed the merits of the Petition, the appeal was premature and Petitioner had not moved for an order permitting an interlocutory appeal. Thereafter, Petitioner filed the instant motion.

**<u>Discussion</u>**

Courts of Appeal have jurisdiction over appeals from final decisions of the district courts, that is, decisions that end the litigation on the merits and leave nothing for the court to do but execute the judgment. 28 U.S.C. §1291. Clearly, the denial of Petitioner's request for a stay does not resolve the merits of Womack's Petition and therefore, it is not a final order. Courts of Appeal also have jurisdiction to grant interim review over orders which grant, refuse or dissolve injunctions. *See Id.*, §1292(a)(1). However, stay orders that merely regulate the course of judicial proceedings, such as in this case, are not considered injunctions and do not qualify. *See Swanson v. DeSantis*, 606 F.3d 829 (6th Cir. 2010). Additionally, under the collateral order doctrine, Courts of Appeal have jurisdiction over a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Destop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992 (1994). To satisfy, the collateral order doctrine and be eligible for interlocutory appeal, the decision:

> (1) must be 'conclusive' on the question it decides, (2) must 'resolve important questions separate from the merits' and (3) must be 'effectively unreviewable' if not addressed through an interlocutory appeal.

*Swanson*, 606 F.3d at 833 (citation to quoted case omitted). Furthermore, "courts have vigilantly preserved the narrow confines of the collateral order doctrine to promote 'judicial efficiency' and 'to avoid[] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals' … [Thus,] 'the justification for immediate appeal must … be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes' ". *Id.* (citation to quoted case omitted).

For purposes of this Order, I find that the first requirement of conclusiveness has been met since Judge Saylor decided the discreet legal question before him, *i.e.,* whether the Petition will be stayed while Petitioner exhausts state court claims that are not raised therein, and this Court is unlikely to revisit that issue. At the same time, as noted by the Sixth Circuit, granting an appeal in cases such as this would result in the kind of "piecemeal" litigation that the total exhaustion rule is intended to prevent. *Swanson*, 606 F.3d at 833. Furthermore, given Judge Saylor's well reasoned opinion, it is unlikely that a reviewing court would find that he abused his discretion in denying Petitioner's request for a stay. Therefore, I do not find that an immediate appeal of the denial of Judge Saylor's decision would materially advance the ultimate termination of the litigation. Finally, Petitioner has not shown that Judge Saylor's order denying his request for a stay would be effectively unreviewable on appeal from a final judgment on his Petition.

Under the circumstances, I do not find that the collateral order exception has been satisfied and I decline to certify an interlocutory appeal. *Accord Swanson*, 606 F.3d at 833 (general rule is that district court's decision to grant or deny stay of its own proceedings is not ordinarily immediately appealable); *Topp v. Burt*, No. 08-cv-11748, 2011 WL 1157906 (E.D.Mich. 2011)(district court's order denying petitioner's motion to stay is unapppealable order); *see also Vang v. Ozmit*, 365 Fed.Appx. 489 (4th Cir. 2010)(same), *Haithcock v. Veal,* 310 Fed.Appx. 121 (9th Cir. 2009)(same); *but see Williams v. Walsh*, 411 Fed.Appx. 459 (3d Cir. 2011)(district court's denial of stay and abeyance of habeas petition is immediately appealable

under collateral order exception)[2].  Therefore, this matter should proceed to a decision on the

merits of the claims asserted in the Petition.[3]

## Conclusion

For the foregoing reasons, the Motion For Leave To File Interlocutory Appeal is

DENIED.


/s/ Timothy S. Hillman_____
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**

---

[2] While the decisions in *Vang* , *Haithcock* and *Walsh* cannot be cited as precedent, they are instructive as to how denials of motions to stay habeas proceedings are viewed by these Circuit Courts of Appeal.

[3] To the extent that a certificate of appealability is required for Petitioner to take an interlocutory appeal,   I agree with Judge Saylor that he has not made a "substantial showing of the denial of a constitutional right", nor has he shown that the Court's resolution of any procedural issue included in his interlocutory appeal would be debatable among reasonable jurists.  *See* 28 U.S.C. § 2253(c)(1),(2) and *Slack v. McDaniel,* 529 U.S. 473, 484,  120 S.Ct. 1595 (2000); *see also Topp*, 2010 WL 2559881 at  *1 (requirements of certificate of appealability may apply to interlocutory appeals); *Young v. Kirkpatrick*, 2008 WL 4758705 (W.D.N.Y. 2008)(interlocutory appeal of denial of petitioner's request for stay and abeyance; case returned to state court for entry of order granting or denying certificate of appealability- - certificate of appealability denied after court found petitioner could not show that denial of stay resulted in denial of constitutional right).